UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

John Jackson, Jr.,
Petitioner

v.

W. Phillips, Acting Superintendent,
Green Haven Correctional Facility,
Respondent

03 Civ. 2739 (SCR)(MDF)

DECISION AND ORDER

---

Petitioner filed his initial petition for a writ of habeas corpus on April 21, 2003. The case was referred to Magistrate Judge Fox, and assigned to me in September 2003. On or about July 13, 2004, Magistrate Judge Fox issued his Report & Recommendation ("R&R"), recommending that the Petitioner's habeas petition be denied in its entirety.

Rather than submitting objections to the R&R, the Petitioner sent the first of a series of letters to the court, seeking various other forms of relief. First, in July 2004, the Petitioner indicated that he was not in a position to submit his objections, because he had decided to pursue an additional appeal in state court, pursuant to NY CLS CPL § 440.10, on ineffective assistance of counsel grounds. That motion was finally denied by the Appellate Division in November 2004.

In December 2004, the Petitioner attempted to file a supplemental petition for a writ of habeas corpus, apparently in order to add his ineffective assistance of counsel claim. Then, in March 2005, Petitioner requested a 60-90 day stay of his petition, so that he could file a *Writ of Error Coram Nobis*[1] to the New York State Court of Appeals. Petitioner's request for a stay was

---

1 A motion for a writ of error coram nobis lies where it was asserted that a court-appointed lawyer failed to prosecute an appeal; that correction authorities interfered with efforts at perfecting an appeal' that the defendant's indigency prevented the perfection of the appeal' that the appellant's insanity prevented perfection; that counsel failed to prosecute the appeal despite the appellant's wishes that he do so; and for ineffective assistance of appellate counsel. *See People v. Bachert*, 69 N.Y.2d 593 (1987).

apparently in response to a recent ruling of the Court of Appeals, *People v. Payne*, 3 N.Y.3d 266 (2004), which Petitioner apparently believes provides the basis for new legal arguments.

Since Judge Fox's the R&R, Petitioner has admittedly received limited correspondence or guidance from the court. In light of the circumstances in this case, the court orders the following:

Petitioner may file a final, amended petition for habeas corpus by November 30, 2005.

Any amended petition shall be referred to Magistrate Judge Fox for an amended Report and Recommendation.

No further extensions or stays will be granted.

It is so ordered.

White Plains, New York
Dated: September 7, 2005

Stephen C. Robinson
United States District Judge